## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 3:19-cr-193-BJD-LLL

RON CHRISTOPHER MCNAIR                ORDER ON MOTION FOR
                                                              SENTENCE REDUCTION UNDER
                                                              18 U.S.C. § 3582(c)(1)(A)

_____

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of

Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after

considering the applicable factors provided in 18 U.S.C. § 3553(a) and the

applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Ron Christopher McNair is a 46-year-old inmate incarcerated

at Coleman Low FCI, serving a 65-month total term of imprisonment for one

count of possession of cocaine base with intent to distribute and one count of

possession of a firearm in furtherance of a drug trafficking crime. (Doc. 63,

Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be

released from prison on May 30, 2024. Defendant seeks compassionate release

because of the COVID-19 pandemic, which he contends his facility is ill-equipped to handle. (See Doc. 68, Motion for Compassionate Release; Doc. 70, Motion for Reconsideration).[1] Defendant states that he suffers from obesity, hypertension, type 2 diabetes, heart disease, anxiety, and obsessive-compulsive disorder, all of which he contends increase his risk of severe illness were he to contract COVID-19. Although Defendant was vaccinated against COVID-19, he states that his vaccines have "expired." (Doc. 68 at 5). Further, Defendant seeks a sentence reduction because his mother was recently diagnosed with stage 4 lung cancer. (Id.). The United States filed a response in opposition (Doc. 74, Response) and sealed copies of Defendants' medical records (Doc. S-77, Sealed Medical Records).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

[1]     The Court initially denied the motion for compassionate release without prejudice because there was no indication Defendant had exhausted administrative remedies. (Doc. 69, Order). In the Motion for Reconsideration, he submits evidence that he submitted a request for a reduction-in-sentence to the warden of his facility in August 2021 based on COVID-19. (Doc. 70-1; Doc. 70-2). Thus, the Court will consider his request on the merits. While he did not submit a request based on his mother's illness, the Court will address that basis as well.

> whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, COVID-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Insofar as COVID-19 and Defendant's medical conditions are concerned, the Court recognizes that hypertension, obesity, type 2 diabetes, and heart disease are conditions that can increase the risk of severe illness

from coronavirus.[2] Importantly, however, Defendant has (wisely) been vaccinated against COVID-19. He received the first two doses of Pfizer's COVID-19 vaccine on May 4 and May 25, 2021, as well as a booster shot on January 26, 2022. (Doc. S-77 at 56). According to the available data, the COVID-19 vaccines are effective at preventing death or serious illness from COVID-19, including against emerging variants.[3] Immunity against severe illness becomes more robust following a booster shot, which Defendant has received.[4] In addition, according to the BOP, 846 staff members and 5,146 inmates at Coleman FCC, representing about 89% of the complex's 5,814 inmates, have been fully vaccinated against COVID-19, which should limit the virus's spread.[5] As the Seventh Circuit Court of Appeals observed:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

---

[2]    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]    https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

[4]    Got a Covid Booster? You Probably Won't Need Another for a Long Time, available at https://www.nytimes.com/2022/02/21/health/covid-vaccine-antibodies-t-cells.html.

[5]    https://www.bop.gov/coronavirus/. (last visited Feb. 18, 2022).

4

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). Thus, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021); see also United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."). Because Defendant is fully vaccinated against COVID-19, the pandemic is not an appropriate basis for finding "extraordinary and compelling reasons."

To the extent Defendant relies on his medical and mental health conditions as an independent basis for a sentence reduction, he has not shown that his conditions, together or in isolation, "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. 1(A)(ii). To the extent Defendant complains of poor prison conditions (e.g., poor air circulation, unhygienic conditions, and overcrowding), such circumstances are not considered "extraordinary and compelling reasons" for a sentence reduction. Id., cmt. 1. If Defendant believes that prison conditions violate the Eighth Amendment, the appropriate remedy is to file a civil rights complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the Court cautions Defendant that "[r]elease from confinement is not a possible remedy"

for prison conditions that fall below constitutional standards. <u>Fernandez v. United States</u>, 941 F.2d 1488, 1494 (11th Cir. 1991).

Defendant also requests a reduction of his sentence because his mother was diagnosed with stage 4 lung cancer. While certain family circumstances can qualify an inmate for a sentence reduction, a parent's illness or incapacity is not among them. <u>See</u> U.S.S.G. § 1B1.13, cmt. 1(C). There is also no indication that Defendant's mother is the sole caretaker of Defendant's minor children. Thus, Defendant's mother's cancer diagnosis does not qualify as an extraordinary and compelling reason for a sentence reduction. <u>See</u> <u>Bryant</u>, 996 F.3d at 1247–48 (holding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

Finally, the sentencing factors under § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In addition to the offenses of conviction, Defendant was held accountable for possessing 52 grams of methamphetamine. (Doc. 46, Amended Final Presentence Investigation Report ¶ 24). His cumulative guidelines range was, in effect, 106 to 117 months (consisting of 46 to 57 months as to possession of cocaine base with intent to distribute, plus a mandatory consecutive minimum term of 60 months as to the firearm conviction under 18 U.S.C. § 924(c)). <u>Id.</u> ¶¶ 108–109.

The Court varied well below the guidelines range when it sentenced Defendant to 65 months in prison. The Court imposed sentence on March 17, 2021. (Doc. 61, Minute Entry of Sentencing). Thus, the Court crafted Defendant's sentence with the hardships of being imprisoned during the COVID-19 pandemic fully in mind. According to the BOP, Defendant still has more than two years remaining on his 65-month term of imprisonment. In view of all the § 3553(a) factors, the Court concludes that a sentence reduction is not warranted at this time.

Accordingly, Defendant's Motion for Reconsideration (Doc. 70) is **GRANTED in part** to the extent the Court considers his request for compassionate release on the merits. Defendant's Motion for Reconsideration and Motion for Compassionate Release (Doc. 68) are otherwise **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of February, 2022.

 

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

7